(No. 840—Claim denied.)

EARL M. HOAGLIN, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed April 16, 1925.*

GOVERNMENTAL FUNCTION—*division of highways—state not liable.* The State in the construction, maintenance and patrolling of its State Highways, exercises a governmental function and is not liable for the negligence of its agents or employees.

PAUL W. GORDON, for claimant.

OSCAR E. CARLSTROM, Attorney General; ROY D. JOHNSON, Assistant Attorney General, for respondent.

Mr. JUSTICE LEECH delivered the opinion of the court:

This case comes before the court on a declaration filed by Earl M. Hoaglin, claimant, by Paul W. Gordon, his attorney, and makes a claim against the State of Illinois for the sum of $5600.00; and for cause for his claim, shows that some time prior to July 12, 1924, the State of Illinois had constructed a certain highway, commonly known as a hard road, through Henderson county, Illinois, which said highway was designated, by the Division of Highways of the Department of Public Works and Buildings of the State of Illinois, as Route Eight of the hard roads system of Illinois; that in the construction of said highway it was necessary to construct certain culverts under the same for the purpose of carrying off surface waters; that one of said culverts was constructed at a point south of the Village of Gladstone, Illinois, and at a distance of approximately two miles from said Village of Gladstone; that in constructing said culvert the said Highway Division did not make allowance for flood waters, or for any surface waters in excess of the normal flow, and said culvert was not of adequate size to carry off any unusual

flow of such surface waters; that, during the first part of said month of July, there had been heavy rains, in consequence of which large amounts of surface waters were discharged from the hills surrounding said culvert, and said culvert was inadequate to carry off said waters; that in consequence of the inadequate size of said culvert a large part of said highway was washed out and carried away by the said waters, leaving a gap in said highway of approximately ninety feet in width; that said gap in said highway constituted a dangerous condition, and that such dangerous condition continued for a long space of time, to-wit: until August 1, 1924; that the State of Illinois, recognizing the dangerous condition of said highway, and the peril in which persons using said highway were placed by reason thereof, hired a watchman to patrol the west end of said gap and to warn all travelers on said highway of the danger; that on, to-wit: July 12, A. D. 1924, at to-wit, 11 o'clock P. M., claimant was driving a certain Studebaker touring car east on said highway, traveling at a reasonable rate of speed, to-wit: twenty miles per hour, and that he was entirely unaware of the dangerous condition of said highway; that, as he approached the west end of said gap or break, no warning was given him, and there were no signs or lights to warn him of the defective condition of said highway; that no watchman was on duty; that the night was dark and claimant could not see said break in the pavement on said highway until his automobile had approached so near to the same that it was impossible to stop said automobile, and that same plunged over the embankment and crashed into the flood waters below; that said automobile was almost completely wrecked, and that the actual cost of having automobile repaired was $700.00; that claimant's head was cut open to such an extent that the doctor was required to place 18 stitches in the wound thus caused; that his ear was partially torn from his head; that one of his ribs was broken and his lung punctured by said broken rib; that his leg was injured and wearing apparel ruined; that he lost two months' time and was forced to discontinue work for two months because of said injuries, that the actual pecuniary loss suffered by claimant amounts to $5600.00.

Demurrer filed by Attorney General is allowed as a matter of law.

Stipulation agreed to by and between the parties hereto, by their respective attorneys, provides that evidence be taken

on behalf of claimant before Martha E. McCullough, a notary public, at room 103, in the First National Bank building, in Galesburg, Illinois, on February 9, 1925, at 10 o'clock A. M., and continuing from day to day until completed; that such depositions be returned to Louis L. Emmerson, Secretary of State and ex-officio clerk of the Court of Claims, by mail in a sealed envelope, bearing the endorsement of the title of the case and reciting that it contains said depositions; that evidence need not be subscribed by the witnesses, and that the certificate of the notary public and her notarial seal when placed on said depositions will be sufficient to admit them in evidence.

It appears from the evidence that at the place of this washout a barricade had been placed by the State, and was located there at the time of the accident; that on each side of the washout at a distance of approximately five hundred feet were erected and in place warning signs, cautioning users of the road of the danger existing. There is a conflict in the evidence as to whether a red lantern, lighted, was in place on the barricade; the three occupants of the car in which claimant was riding testifying that no such lantern was placed on the barricade, and there being an affidavit of one Louis Hoffman, who states that he passed said washout between the hour of 11:30 and 10 P. M., on the night of the accident, and that at the time he passed this washout a lighted red lantern was in place on the barricade.

The demurrer filed on behalf of the State of Illinois, the defendant, sets up the fact that the State is not liable because the doctrine of *respondeat superior* is not applicable to the State, and this rule has been upheld in previous decisions of this court. In an action to recover for personal injury on the ground of negligence in the defendant, the burden of proof is upon the plaintiff to establish either that he himself was in the exercise of due care or that the injury was in no degree attributable to any want of any ordinary care on his part. Testimony showing that claimant's car skidded about sixty feet from the place where the accident occurred, tends to show that he was not in the exercise of due care and caution. The testimony of one Ward Gibson, who testified that he passed the washout in question about 7 o'clock that same evening and repassed the same place again the same evening about 11 or 12 o'clock P. M., and that a lantern showing a

red light was hanging on this barricade, visible for about a quarter of a mile; the testimony given by John Stevens, and Theodore Bonderer, both employees of the State, to the effect that all ncessary precaution had been taken to warn people from danger who might be using the highway at this place, all tend to show that the State had used due care and caution in guarding against danger at this point.

We do not feel that this is a case which justifies the granting of an award, and the claim is disallowed.